UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERESA V. ELLOIE** | **CIVIL ACTION** |
| **VERSUS** | **NO:      07-04434** |
| **ALLSTATE INSURANCE CO.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is a **Motion for Reconsideration (R. Doc. 30)**, filed by the Defendant, Allstate Insurance Co. ("Allstate"), seeking the Court to reconsider its previous Order (R. Doc. 28), which granted the Plaintiff's motion to compel as unopposed. In opposition, the Plaintiff, Theresa V. Elloie ("Elloie"), filed a Memorandum in Opposition to Motion for Reconsideration (R. Doc. 36).

### I.     Background

Elloie brings the subject action for insurance proceeds that she alleges should have been paid by Allstate for damage sustained to her property, located at 604-606 S. Telemachus Street, New Orleans, Louisiana, from Hurricane Katrina on August 29, 2005. (R. Doc. 1.) Elloie alleges that her home, including the buildings, structures, and the contents on and in the property were completely lost. (R. Doc. 1.) Elloie alleges that she had a homeowner's insurance and flood insurance on her home with Allstate. (R. Doc. 1.)

On February 20, 2008, Elloie filed a motion to compel discovery, which was set for hearing for March 12, 2008. (R. Doc. 22.) Allstate did not file an opposition memorandum eight (8) days prior to the hearing, as required by Local Rule 7.5E. Therefore, the Court granted Elloie's motion as unopposed on March 7, 2008. (R. Doc. 28.) Later that day, after the Court granted Elloie's

motion, Allstate filed a belated opposition to Elloie's motion, and concurrently filed the subject motion for reconsideration.

In the subject motion, Allstate contends that it forwarded answers to Elloie's written discovery on the same day that the Court issued its written Order (R. Doc. 28) and expended "time and effort" in "completing the responses to plaintiff's discovery before March 12, 2008," the date of the hearing. (R. Doc. 30, p. 2.) Elloie opposes Allstate's motion, contending that Allstate (1) failed to timely respond to her written discovery within the thirty (30) days permitted under the Federal Rules of Civil Procedure, (2) failed to respond to her discovery even after the parties engaged in a Local Rule 37.1E conference, and (3) did not timely oppose or respond to Elloie's motion to compel. Additionally, Elloie maintains that the substance of Allstate's responses are intentionally vague and evasive, and therefore, Allstate has still not fully or sufficiently responded to Elloie's discovery requests.

## II.   Standard of Review

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id*. Here, Allstate filed its motion for reconsideration within ten (10) days of the Court's

Order[1], and thus Diamond's motion is properly considered under Rule 59(e).

Courts in this District employ Rule 59(e) when ruling on motions to reconsider non-dispositive pre-trial motions. *See Harveston v. Falcon Workover Co., Inc.*, Civ. A. 96-4172, 1998 WL 166209, (E.D. La. April 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource,* Civ. A. 03-1496, 2004 WL 1488665 (E.D. La. June 30, 2004) (analyzing motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co*., 111 F.Supp.2d 783, 784 (E.D. La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La. May 26, 2000).

### III.   Analysis

The Court concludes that Allstate has failed to demonstrate that the Court should reconsider Elloie's motion. Allstate did not allege (1) that any new evidence has arisen since the Court's decision, (2) that the Court erroneously applied or interpreted law or relied on incorrect facts, or (3) that there was an intervening change in the controlling law. Therefore, the only applicable element

---

[1] The Court issued its Order at issue on March 7, 2008 (R. Doc. 28) and Allstate filed the subject motion for reconsideration on the same day (R. Doc. 30).

that may counsel in favor of reconsidering Elloie's motion, is whether reconsideration of the motion is necessary to prevent a manifest injustice.

Allstate has alleged no manifest injustice here. Rather, in Allstate's barebones motion for reconsideration, Allstate merely asserts that Elloie should have received the answers to her written discovery by Federal Express prior to the hearing date on Elloie's motion to compel and that Allstate spent "time and effort" in preparing those responses. Allstate makes no mention of the fact that it failed to timely respond to Elloie's discovery requests within the thirty (30) day time period provided for by the Rules and did not respond even after the parties engaged in a Local Rule 37.1E conference, thereby necessitating the filing of Elloie's motion to compel. As indicated above, reconsideration of a prior order is an extraordinary remedy to be used sparingly. *Karim*, 111 F.Supp.2d at 784. The fact remains that Allstate did not timely respond to Elloie's discovery and failed to timely file an opposition to Elloie's motion to compel. Allstate has not alleged any facts to show that the extraordinary remedy of reconsideration is warranted here.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that Allstate's **Motion for Reconsideration (R. Doc. 30)** is **DENIED**.

New Orleans, Louisiana, this 12th day of May 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**