UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERESA V. ELLOIE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4434** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Allstate Insurance Company's motion for partial summary judgment on Theresa V. Elloie's claims under Louisiana's Value Policy Law is **GRANTED**. (Document #21.)

**IT IS FURTHER ORDERED** that Allstate Insurance Company's motion for partial summary judgment on which version of La. Rev. Stat. 22:658 may apply is **GRANTED**. (Document #20.)

### I. BACKGROUND

Allstate Insurance Company (Allstate) issued a homeowner's insurance policy to Theresa v. Elloie for coverage of her residence, an ancillary building, and contents at 604-606 South Telemachus Street, New Orleans, Louisiana. As a result of Hurricane Katrina, the property sustained damage from flood and wind damage, and Elloie notified Allstate. After an evaluation

by adjusters for wind damage, Allstate advised Elloie that the value of her covered loss under her homeowner's policy was significantly less than the true value of the damage and cost of repairs to her residence.

Elloie filed a complaint against Allstate asserting that Allstate breached the contract of insurance, acted negligently in adjusting the claim, and acted in bad faith in adjusting the claim, pursuant to La. Rev. Stat. 22:1220 and 22:658.  Elloie alleges that she is entitled to the total face amount of the homeowner's policy under Louisiana's Value Policy Law (VPL), La. Rev. Stat. 22:695, without a deduction or offset, because her property is a total loss.  Elloie seeks a declaration that her homeowner's policy provides full coverage for all damage; specific performance under the contract; and alternatively, damages for unjust enrichment.

Allstate filed a motion for partial summary judgment on the claims under Louisiana's VPL and a motion for partial summary judgment on the claims for attorney fees and penalties under section La. Rev. Stat. 22:658.

## II. DISCUSSION

### A.  Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548,

2552 (1986).

## B. Louisiana's Value Policy Law

Allstate contends that Louisiana's VPL[1] does not require a homeowner insurer to pay for a loss caused by the excluded flood peril.[2] Allstate argues that recovery of policy limits under the statute requires that the total loss be caused by a covered peril, such as wind.[3]

---

[1] The relevant portion of Louisiana's VPL provides:
Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer.

[2] The Allstate policy excludes loss due to flood as follows:

We do not cover loss to the property described in Coverage A–Dwelling Protection, Coverage B–Other Structures Protection, and Coverage C–Personal Property Protection caused by or consisting of:

1. Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

[3] Allstate argues that La. Rev. Stat. 22:695 does not apply to policies covering perils other than fire. The Supreme Court of Louisiana addressed the issue in Landry v. Louisiana Citizens Property Ins. Co., ___ So.2d ___, 2008 WL 2151827 (La. May 21, 2008). The Supreme Court noted that the "insurance industry has always assumed that the use of the term 'fire insurance policy' includes homeowners' policies." The Supreme Court of Louisiana did not resolve the matter because the result was the same in Landry whether the statute applied or not, but urged the legislature to consider the issue and make changes to the language if needed. Id. at n.10. Similarly, in this case, the result is the same whether value policy law applies to losses from fire or other than fire.

In Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007), the Court of Appeals for the Fifth Circuit concluded that "the VPL does not apply to a total loss not caused by a covered peril."[4] The Court of Appeals examined two possible meanings to the language in the statute providing that "in the case of a total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property":

> 1) in the event of a total loss, an insurer is required to pay the homeowner the agreed full value of a policy as long as a covered loss causes some damage to the property, even if a non-covered peril renders the property a total loss; or (2) an insurer is only required to pay the homeowner the agreed face value of a policy when the property is rendered a total loss by a covered loss.

Id. at 239. The Court of Appeals began the discussion regarding which interpretation of the statute best conforms to the purpose of the law by examining the history of the VPL and its operation as a form of liquidated damages.

> Valued policy laws or so-called total losses statutes dealing with Fire Ins. policies were enacted by many states in the late 1800's and early 1900's principally as a protective measure for insureds. In general, these valued policy laws require that in case of total loss to an insured's property from certain specified perils, the amount stated in the policy declarations is considered the value of the structure at the time of loss and is payable in full. In other words, if the value of property is less than the amount of insurance on a policy covering a building in a state having such a law, the insurer is precluded in most states from arguing that a lesser sum be paid, *i.e.*, actual cash value . . . .
>
> The legislative intent of these laws was to prevent over-insurance and other abuses, that is, to keep insurers and their representatives from writing insurance on property for more than it is actually worth.
>
> A second reason for valued policy laws is to encourage insurers and producers to inspect risks and assist prospective insureds in determining insurable value of properties . . . . It follows that failure of an insurer to inspect a risk for valuation

---

[4] The Court of Appeals assumed for purposes of the opinion that the VPL applies to non-fire perils.

> purposes can lead to over-insurance and can produce a moral hazard as well.  In other words, if a building is insured for more than its actual worth, an insured might be indifferent about loss prevention.  This situation might even give an insured an incentive to intentionally cause damage to his structure.

Id. (quoting Atlas Lubricant Corp. v. Fed. Inso Co. of New Jersey, 293 So.2d 550 (La. Ct. App. 1974)).  Based on the purpose of the VPL, the Court of Appeals concluded that "the VPL only requires an insurer to pay the agreed face value of the insured property if the property is rendered a total loss from a covered peril."  Id.  "[A] total loss resulting from a non-covered peril does not trigger the VPL."  Id. n.23.  "[A] finding that the statute requires insurers to pay the agreed face value of the property, even if an excluded peril (flooding) causes the total loss, runs counter to the VPL's effort to link insurance recoveries to premiums paid."  Id.  Further, the Court of Appeals reasoned that the focus of the VPL is on valuation, not coverage; therefore "the statute signals no intent to expand coverage to excluded perils."  Id. at 240.

Although Elloie alleges that the property was damaged by wind and flood and that the home is a total loss, there is no allegation that the total loss was caused by wind, a peril covered under the homeowner's policy.  Accordingly, there are no disputed issues of material fact, and Allstate is entitled to judgment as a matter of law that Louisiana's VPL does not apply.

**C.  La. Rev. Stat. 22:658**

Allstate moves for partial summary judgment on Elloie's claim for attorney's fees and penalties under La. Rev. Stat. 22:658.  Allstate argues that Elloie's action for bad faith arose before the August 15, 2006, effective date of the amended statute, and the pre-amendment version of 22:658 in effect at the time the cause of action arose does not allow for recovery of

attorney's fees and provides for penalties of 25% of proven damages.

After Hurricane Katrina, the legislature amended La. Rev. Stat. 22:658 by subjecting an insurer which fails to make payment within thirty days after written agreement or settlement to a penalty equal to 50% damages on the amount found to be due from the insurer and attorney's fees.  See Sher v. Lafayette Insurance Company, 2008 WL 928486 *8 (La. 2008).  The Supreme Court of Louisiana held that the "amendment is unquestionably substantive, and as such cannot be applied retroactively." Id. at *11.

Elloie presents no evidence challenging Allstate's assertion that the claim arose before the August 15, 2006, effective date of the amendment.  The court concludes that the pre-amendment version of the statute applies.  Elloie's recovery of penalties under La. Rev. Stat. 22:658, if any, is limited to 25% of the amount found to be due under their homeowner's policy, and an award of attorney's fees is not available.  Accordingly, Allstate's motion for partial summary judgment is granted as a matter of law.

New Orleans, Louisiana, this  18th  day of July, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**