UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERESA V. ELLOIE** | **CIVIL ACTION** |
| **VERSUS** | **NO:     07-4434** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (4)** |

ORDER

Before the Court are two interrelated motions: (1) a **Motion for Discovery Sanctions (R. Doc. 42)**, filed by the Plaintiff, Theresa V. Elloie ("Elloie"); and (2) a **Motion for a Protective Order (R. Doc. 45)**, filed by the Defendant, Allstate Insurance Co. ("Allstate"). Both motions seek the Court's intervention regarding Allstate's purported failure to respond to written discovery as previously compelled by this Court. Allstate filed a Memorandum in Opposition to the Motion for Sanctions (R. Doc. 51), and Elloie filed a Memorandum in Opposition to the Motion for a Protective Order (R. Doc. 58). The motions were heard with oral argument on July 30, 2008.

At the close of the oral argument, counsel for Allstate represented to the Court that the subject motion arises out of the conduct of Allstate's former counsel, Darrin O'Connor, and that any failure to comply with discovery deadlines was solely the result of O'Connor's failure to communicate to his client and to current counsel regarding the pending discovery. During the hearing, the Court ordered the parties to supplement the record with an affidavit of an Allstate representative, indicating the date when Allstate first learned of the pending discovery. The Court noted that it would reconsider its oral decision based upon the submissions received.

Upon extensive review of the record, the Court determines that neither Allstate nor its current attorneys were aware of the pending discovery or the associated deadlines. The Court therefore revokes its oral decision. The oral ruling is hereby superseded by this written opinion, after full consideration of all exhibits, affidavits, and legal authority.

**I.    Background**

Elloie brings the subject action for insurance proceeds that she alleges should have been paid by Allstate for damage to her property, located at 604-606 S. Telemachus Street, New Orleans, Louisiana on August 29, 2005, as a result of Hurricane Katrina (R. Doc. 1). Elloie alleges that her home, including the buildings, the structures, and the contents therein, was completely destroyed. (R. Doc. 1). She claims that she had a homeowner's insurance policy and a flood insurance policy with Allstate. (R. Doc. 1).

On December 20, 2007, Elloie propounded written discovery upon Allstate, seeking, among other things, the claims file and information regarding its claims handling procedure, as well as other administrative details. (R. Doc. 42). The discovery focused more on the internal operations of Allstate, rather than on Elloie's claim. (*See generally* R. Doc. 42-3).

Despite the obvious issues raised by the written discovery, counsel for Allstate failed to timely respond. (R. Doc. 42-2). This prompted Elloie to file a motion to compel on February 20, 2008. (R. Doc. 22). The motion was set for hearing for March 12, 2008, and Allstate did not file an opposition memorandum prior to the hearing, as required by Local Rule 7.5E. (R. Docs. 22, 28). The Court therefore granted Elloie's motion as unopposed on March 7, 2008. (R. Doc. 28).

On the same day that the undersigned issued the Order and some three months after the discovery was originally propounded, Allstate forwarded responses to Elloie's outstanding discovery. Although Elloie received the responses, she did not withdraw her motion to compel.

Allstate, however, requested that the Court reconsider its Order, notwithstanding its failure to timely file an opposition. (R. Doc. 30).

The Court denied Allstate's motion to reconsider. (R. Doc. 41). In so doing, the Court noted that Allstate: (1) failed to timely respond to Elloie's written discovery within the 30 days pursuant to the Federal Rules of Civil Procedure, even after the parties engaged in a Local Rule 37.1E conference; and (2) failed to timely oppose Elloie's motion to compel, as required by Local Rule 7.5E. (R. Doc. 41).

The subject motions arise out of Allstate's responses to Elloie's written discovery. (R. Docs. 42, 45). In her Motion For Sanctions, Elloie contends that Allstate failed to provide complete responses to her discovery, and instead, proffered unsubstantiated and meritless claims of privilege and proprietary information, well after the period for objecting expired and after the undersigned ordered it to fully respond. (R. Doc. 42). Elloie thus challenges Allstate's current and continuing failure to provide complete responses to her written discovery. (R. Doc. 42).

Elloie seeks sanctions totaling $1,000.00 in attorney's fees for having to file the subject motion. (R. Doc. 42). She also seeks $1,000.00 per day, for the first ten days during which Allstate failed to comply with the Court's previous Order. (R. Doc. 42). Elloie proposes that any such sanctions be doubled after ten days if Allstate still fails to comply. (R. Doc. 42). Elloie also requests that the Court hold a civil or criminal contempt hearing if Allstate fails to respond fully within 30 days. (R. Doc. 42).[1]

In response, Allstate contends that sanctions are not appropriate here, because it did not act in bad faith. (R. Doc. 51). It also filed a Motion For a Protective Order, requesting the Court to

---

[1] During the hearing, counsel for Elloie suggested a substantial monetary fine of $10,000 per day for sanctions, as opposed to the $1000 per day amount set forth in the motion. (Hr'g. Tr., July 30, 2008, R. Doc. 70, p. 8).

shield its information from Elloie's written discovery, notwithstanding the earlier Order compelling its production. (R. Doc. 45). Allstate argues that much of Elloie's requested discovery includes trade secrets, proprietary information, and other confidential data. (R. Docs. 45, 51). It claims that it is willing to produce the requested information, provided that Elloie first agrees to enter into a jointly stipulated protective order. (R. Docs. 45, 64). Allstate's Motion outlines proposed terms for the protective order. (R. Docs. 45, 64).

Allstate also insists that Elloie's earlier discovery requests are onerous, overly broad, and wholly improper. (R. Doc. 51). Specifically, it alleges that Elloie's requests encompass irrelevant documents which pertain to: other policyholders' property claims; the employment records for all adjusters who worked on Katrina or Rita claims; procedures for handling hurricanes dating back to 1992; and other highly irrelevant information. (R. Doc. 51). Allstate contends that waiver should only be found where there is unjustified delay, inexcusable conduct, bad faith, or other flagrant violations. (R. Doc. 51). It asserts that it has not acted in bad faith and argues that its failure to timely respond did not result in an automatic waiver of its ability to raise objections. (R. Doc. 51). Allstate further maintains that a waiver of its right to object on grounds of relevance, attorney-client privilege, and work product protection would be inequitable here. (R. Doc. 51).

## II.     Standard of Review

### A.     Sanctions

Federal Rule of Civil Procedure ("Rule") 37 authorizes courts to appropriately respond to and deal with parties that have disobeyed discovery orders. FED. R. CIV. P. 37; *Chilcutt v. U.S.,* 4 F.3d 1313, 1319-20 (5th Cir. 1993). A court's "discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited." *Id.* at 1320.

The Fifth Circuit has noted that sanctions under Rule 37 are "predicated upon the presence

of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc*., 423 F.2d 858, 860 (5th Cir. 1970). *See also Marrocco v. General Motors Corp*., 966 F.2d 220, 224 (7th Cir.1992) (reasoning that "sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant.").

Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the Court may: (1) direct that the facts be established as the prevailing party claims; (2) prohibit the disobedient party from introducing information into evidence or supporting or opposing claims or defenses; (3) strike the pleadings; or (4) dismiss the action in whole or in part. FED. R. CIV. P. 37(b)(2)(A). Additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C); *see also* FED. R. CIV. P. 37(d)(1)(A)(ii). Finally, while "the Federal Rules do not explicitly provide an avenue to sanction attorneys who fail to comply with discovery orders . . . there is no doubt" that a court may exercise its inherent powers to sanction discovery abuses and to discipline attorneys who engage in obstructive behavior. *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

**B.     Protective Order**

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Machs*., 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The

5

>motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.
>
>FED. R. CIV. P. 26(c).

Specifically, under subsection (c)(1)(g) of Rule 26, a protective order may be entered "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.*

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order. *Id*. It provides that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998).

**III.    Analysis**

    **A.    Sanctions For Former Counsel's Acts and Omissions**

Elloie argues that Allstate's failure to timely respond to the Requests for Production constitutes a waiver of any objections. She maintains that Allstate's failure to respond fully, notwithstanding the Court's Order, should result in Rule 37 sanctions. (R. Doc. 42). Elloie further argues that Allstate failed to timely submit a privilege log and that this failure amounts to a waiver of any privilege claims Allstate may have had. (R. Doc. 42).

Allstate concedes that it did not timely respond to the discovery requests. However, it contends that its failure to timely respond was not the result of its actions. Allstate explains that its former counsel failed to notify it of the pending discovery and failed to oppose the motion to compel. (R. Doc. 51). It insists that it provided much of the requested information as soon as it learned of the

problem.

Allstate also argues that it did not intentionally violate any Order of the Court. In fact, it asserts that, given the overly broad and wholly improper nature of Elloie's discovery requests, a finding of waiver would not be in the interest of justice. (R. Doc. 51). Allstate maintains that it substantially complied with its duty to respond to discovery and that it only sought to protect proprietary information. (R. Doc. 51).

The timing and specificity of an objection are of critical importance when it comes to asserting a privilege during discovery. Rule 34(b) requires the party upon whom a request for production of documents is propounded to respond to the request "in writing within 30 days after being served. " FED. R. CIV. P. 34(b). It also requires that the response "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." *Id*. If the responding party fails to timely object or to state the reason for the objection, he or she may be held to have waived any objections. *See Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir.1991) ("The burden is on the party asserting a privilege to do so in a timely and proper manner and to establish the existence and applicability of the privilege."). Accordingly, the party's objections must be both timely and specific enough to support its claim of privilege, but not too specific so as to divulge privileged information.

Pursuant to Rule 26(b)(5), when a party withholds information that is otherwise discoverable under a claim of privilege or work-product protection, the party must make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed, in a manner that will enable other parties to assess the applicability of the privilege or protection without

7

revealing the information itself. *See* FED. R. CIV. P. 26(b)(5). The failure to properly or timely object does not result in an automatic waiver. *See Applied Systems, Inc. v. Northern Ins. Co. of New York*, No. 97 C 1565, 1997 WL 639235, at *2 (N.D.Ill. Oct.7, 1997). "Rather, a waiver of privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith or other flagrant violations." *Id*. Thus, a party's failure to assert privilege will not necessarily short-circuit his or her efforts to preserve the confidentiality of a privileged document.

Cases where there have been "minor procedural violations, good faith attempts at complying, and some notice to the opposing party of the privilege objections; ... [and] other cases involving non-flagrant discovery violations where the requested documents are plainly protected by a privilege" do not result in waiver of the privilege. *Id*. Thus, the circumstances surrounding the objections must be weighed in order to determine whether the documents should be produced or kept outside of the scope of discovery.

In considering the issue, the Court reviewed the Affidavit of Darrin O'Connor, the attorney previously responsible for representing Allstate. O'Connor admits that he failed to timely forward the requested discovery to Allstate. He also acknowledges his failure to consult Allstate with respect to the requests and to file a timely response to the discovery. (*See* R. Doc. 45-3, Ex. A, O'Connor Aff., ¶4).

While Allstate concedes that it did not timely respond to the discovery, it insists that, when it did respond, it produced much of the information sought by Elloie, including: Elloie's claims file, her policy documents, and a video of her property. Allstate also maintains that its agreement to produce additional documents relating to the policies and procedures for adjusting property damage claims arising out of Hurricane Katrina remains contingent upon the entry of an agreed-upon

protective order. (R. Doc. 51, p. 4). In addition, Allstate seeks to preserve its legal objections, on the grounds that its failure to respond within the time frame specified by the Federal Rules was solely the fault of its former counsel, O'Connor.

To properly determine whether Allstate was, in fact aware of the pending discovery, the Court ordered Allstate to supplement the record after the hearing with an affidavit of a representative indicating the date that Allstate actually learned of the discovery and the pertinent deadlines. On August 4, 2008, counsel for Allstate submitted the Affidavit of John B. Sanders, the attorney currently assigned to oversee this litigation. (R. Doc. 66). Sanders certifies that, although Allstate's prior counsel, Darrin O'Connor, received the discovery requests on December 20, 2007, he did not forward those requests to Allstate's current counsel until February 21, 2008. (*See* Aff. of John B. Sanders, R. Doc. 66, ¶ 5. *See also* Email from Tonya Hidalgo, Sec'y to Darrin O'Connor, R. Doc. 66-2, Ex. A). Sanders asserts that "at no time prior to February 21, 2008 had Mr. O'Connor or anyone else affiliated with his firm notified [him], Allstate, Mr. Lozado [, the Pilot adjuster handling Ms. Elloie's claim], or national counsel that discovery had been served or [was] due . . . until well after the time to respond had passed." (Aff. of John B. Sanders, R. Doc. 66, ¶ 5).

Sanders further indicates that: (1) upon receipt of the discovery requests, *current counsel instructed O'Connor to prepare and to submit the responses immediately*; (2) current counsel believed, based on communications with O'Connor, that the responses would be served upon counsel for Elloie on February 27, 2008–the same day that current counsel provided O'Connor with revisions to the responses; and (3) on March 7, 2008, O'Connor informed current counsel that Elloie's Motion To Compel (R. Doc. 28) had been granted as unopposed, but assured counsel that he served responses the same day the Order was issued and that filing the discovery had cured any noncompliance. (Aff. of John B. Sanders, R. Doc. 66, ¶¶ 6-8) (emphasis added). The Court notes that, according to the

9

email communications attached to Sanders's Affidavit, O'Connor's secretary indicated that Allstate's discovery responses would be submitted to Elloie on Friday, February 29, 2008, rather than Wednesday, February 27, 2008.  (*See* Emails, R. Doc. 66-2, Ex. B).

Generally, the acts and omissions of counsel are wholly attributable to the client," particularly where the disobedient party's principal officer "was aware of every aspect of discovery and intimately involved with the progress of the case."  *See Curb Records v. Adams & Reese, L.L.P. and Richard Goins*, No. Civ. A. 96-2908, 1997 WL 639020, at *5 (E.D.La. Oct. 16, 1997).   Here, however, all of the evidence suggests that Allstate's failure to abide by the Court's March 7th Order was not the fault of Allstate itself, but of Allstate's former counsel, O'Connor.  Arguably, it would be unfair to punish a party solely for its attorney's neglectful conduct, particularly where, as here, the party was unaware of such conduct.  *See Hollingsworth v. City of New York*, No. 95 Civ. 3738 (RWS), 1997 WL 91286, at *3 (S.D.N.Y.1997) ("[i]t would be inappropriate to punish the client for the conduct of her attorney, particularly when there is no evidence that the client is aware of the problem" ); *accord Patterson v. Grand Blanc Twp.*, 760 F.2d 686, 688-89 (6th Cir.1985) (vacating the district court's dismissal of plaintiff's complaint after finding that plaintiff's attorney, not plaintiff, was solely responsible for failing to obey discovery orders).  *But see Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n. 10 (1962) (suggesting that the proper remedy is for the party to sue attorney for malpractice).

The Court also notes that the subject discovery requests are overbroad, in that they seek the production of electronically stored information ("ESI") and data sources, without providing any concrete time limitations.  (*See, e.g.*, R. Doc. 42-3, p. 10, Req. for Produc. No. 16).  The requests also seek the production of *all documents* regarding the company's mission, including: its claims handling policies; extra-contractual damages and suits; compliance with unfair claim practices statutes; and

10

wrongful claims handling. (R. Doc. 42-3, p. 10, Req. for Produc. No. 15) (emphasis added). The remaining requests clearly indicate that Elloie seeks unrelated, objectionable data.[2] But for prior counsel's failure to timely review and handle the subject discovery, any defendant, including Allstate, would have objected to the requests.

Based on the above, the Court finds that it would be manifestly unjust to find a waiver of Allstate's objections under the circumstances. The Court therefore concludes that Allstate's objections are preserved. Moreover, the Court determines that Allstate's prior counsel unreasonably put his client's interests at risk regarding the proper assertion of privilege by failing to file a privilege log in accordance with the Federal Rules. Accordingly, the Court finds that there has not been a waiver of Allstate's attorney-client privilege. For the foregoing reasons, Elloie's request for monetary sanctions is denied. To the extent that Elloie seeks to challenge the sufficiency of Allstate's responses, counsel must file a motion challenging same.

**B.     Protective Order**

The final issue for the Court to consider is whether the parties should be required to enter into a protective order regarding Allstate's claims manuals and other documents relating to the policies and procedures for adjusting property damage claims arising out of Hurricane Katrina. Allstate seeks to protect trade secrets, proprietary information, and other confidential information contained in its claims handling documents. (R. Doc. 45). It also notes that disclosure of such materials would put Allstate at a competitive disadvantage, thereby enabling other companies to learn its strategies and

---

[2]The discovery seeks, among other things, information regarding: Colossus, the evaluation tool for adjusting bodily injury casualty claims; documents regarding claims handling procedures for 15 other hurricanes dating back to 1992; employment records of all adjusters who worked on any Katrina and/or Rita claim; Allstate's employee handbooks, salary manuals, retirement plans, benefits plans, stock ownership and/or profit sharing plans; organizational charts for each and every department within Allstate; outside vendors; all reports from outside vendors without limitation to the subject claim; best practices guidelines; and other claims made within five (5) miles of the insured's property. (R. Doc. 42-3, Interrogs. 2, 3, 7, 12, 14, and 17 and Req. for Produc. Nos. 9, 10, 17, 18, 19-22, 35, 43, 48, 62, and 64).

procedures effortlessly and without cost.  Allstate does, however, agree to produce the requested information, provided that access to such information is restricted to this litigation pursuant to a protective order.

Elloie contends that Allstate's motion for a protective order should be denied, because any grounds for seeking such an order have been waived and/or were previously rejected by this Court. (R. Doc. 58).  Specifically, Elloie asserts that Allstate's objections to the discovery requests were untimely, and that this motion for a protective order is merely a tactical effort to delay and/or protract this litigation.  Elloie further argues that this protective order is Allstate's attempt to "manipulate the system."  Finally, Elloie also insists that Allstate has failed to meet the burden required for the issuance of a protective order.

The Court first notes that Elloie does not dispute that the information Allstate seeks to protect is proprietary and/or confidential.  Furthermore, contrary to Elloie's representations, the Court never ruled on whether Allstate and Elloie should be required to enter a protective order.  Under the factual circumstances, the Court concludes that waiver is inappropriate, particularly in light of the proprietary nature of information sought.  The Court therefore finds that, pursuant to Rule 26, it is appropriate to require the entry of a joint protective order on Allstate's behalf.  Accordingly, the parties shall fashion the protective order consistent with this opinion and in accordance with the Standing Order of the Court.  The proposed protective order shall submitted to the Court no later than **fifteen (15) days** from the issuance of this Order.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Allstate's **Motion for Discovery Sanctions (R. Doc. 42)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Allstate Insurance Company's **Motion for a Protective Order (R. Doc. 45)** is **GRANTED**.  The parties shall fashion a joint protective order consistent with this opinion and in accordance with the Standing of the Court.  The proposed protective order shall submitted to the Court no later than **fifteen (15) days** from the issuance of this Order.

New Orleans, Louisiana, this 17th day of October, 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**