UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **THERESA V. ELLOIE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4434** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Theresa V. Elloie's "Motion for Appeal from Magistrate Judge" is **DENIED**. (Document #84.)

## I. BACKGROUND

Allstate Insurance Company (Allstate) issued a homeowner's insurance policy to Theresa v. Elloie for coverage of her residence, an ancillary building, and contents at 604-606 South Telemachus Street, New Orleans, Louisiana. As a result of Hurricane Katrina, the property sustained damage from flood and wind damage, and Elloie notified Allstate. After an evaluation by adjusters for wind damage, Allstate offer payment for the covered loss under the homeowner's policy in an amount significantly less than Elloie valued her loss and the cost of repairs. Elloie filed a complaint against Allstate to recover the insurance proceeds for damage to her property.

On December 20, 2007, Elloie sought discovery of Allstate's claims file and information

regarding internal operations and claims-handling procedures.  Allstate did not respond timely.  Elloie filed a motion to compel on February 20, 2008, and the magistrate judge granted Elloie's unopposed motion to compel on March 7, 2008.  On the same day, Allstate forwarded responses to Elloie's outstanding discovery and requested that the court reconsider the grant of the motion to compel.  The magistrate denied Allstate's motion to reconsider because Allstate failed to file a timely response to written discovery and failed to oppose the motion to compel.

As a result of Allstate's responses to Elloie's written discovery, Elloie filed a motion for sanctions because Allstate failed to file complete responses to written discovery.  Allstate responded that it had not acted in bad faith.  Allstate filed a motion for a protective order, arguing that Elloie's requested discovery includes trade secrets, proprietary information, and confidential data.  Allstate agreed to produce the documents if Elloie entered into a jointly-stipulated protective order.

On July 30, 2008, the magistrate judge heard oral argument on Elloie's motion for discovery sanctions and Allstate's motion for a protective order.  Following the hearing, Allstate supplemented the record with an affidavit that former counsel received the discovery request and did not forward it to Allstate's current counsel until well after the time to respond had passed.  When Allstate became aware of the discovery request, current counsel prepared and submitted responses immediately.

The magistrate judge denied Elloie's motion for sanctions.  The magistrate judge determined that the evidence suggested that Allstate's failure to abide by the March 7, 2008, order was not the fault of Allstate, but of Allstate's former counsel.  The magistrate judge further

concluded that the discovery requests are overbroad and seek unrelated, objectionable data and that Allstate did not waive its objections to the discovery requests.  The magistrate judge issued a protective order on January 13, 2009.  Elloie filed a "Motion for Appeal from Magistrate Judge."

## II. DISCUSSION

"The Federal Magistrates Act grants district courts authority to assign magistrates certain described functions as well as such additional duties as are not inconsistent with the Constitution and laws of the United States."  Peretz v. United States, 111 S.Ct. 2661, 2663 (1991) (internal quotation and footnote citation omitted).  The decision of a magistrate judge in a pretrial matter can be reconsidered by the judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to the law."  28 U.S.C. § 636(b)(1)(A); Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2035.

**A.  Protective order**

Elloie contends that the magistrate judge erred in granting the protective order.  She argues that Allstate should have raised the issue of a protective order in its motion for reconsideration, and Allstate has not shown good cause for the issuance of a protective order.

The court has reviewed the discovery history, the specific requests by the plaintiff, and the request for a protective order and finds no clear error in the magistrate judge's determination. The evidence indicates that Allstate did not object to the discovery order because it was not notified by former counsel prior to February 21, 2008.  Further, the magistrate judge's determination that the discovery requests are overbroad is not clearly erroneous.  Elloie seeks production of electronically stored information and data sources, without identifying a "time"

limitation, and irrelevant information unrelated to Elloie's case. Moreover, Allstate agreed to produce documents related to policies and procedures for adjusting claims under a protective order. The magistrate judge did not foreclose Elloie's ability to challenge the sufficiency of Allstate's responses in a separate motion.

**B. Sanctions**

Elloie contends that the magistrate judge erred in not awarding sanctions. She argues that Allstate waived its privileges and objections by unjustified delay and inexcusable conduct.

The magistrate judge's finding that Allstate did not waive its right to object to the discovery request and that former counsel, not Allstate, was fully responsible for failing to respond to discovery is not clearly erroneous. Allstate submitted sworn statements that former counsel failed to respond to plaintiff's discovery and to inform Allstate and its national counsel until after the deadline had passed. Upon learning of the request for discovery, Allstate responded and produced relevant documents.

### III. CONCLUSION

Accordingly, the decision of the magistrate judge is not clearly erroneous, and Elloie's motion for appeal is denied.

New Orleans, Louisiana, this __4th__ day of February, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

4